Mike C. Buckley (SBN 044919)
mbuckley@reedsmith.com
Renee C. Feldman (SBN 253877)
rfeldman@reedsmith.com
REED SMITH LLP
101 Second St., Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Donald H. Glasrud (SBN 042491)
dhg@dgmalaw.com
Bruce A. Owdom (SBN 077670)
bao@dmgalaw.com
DIETRICH, GLASRUD, MALLEK & AUNE
An Association Including Law Corporations
5250 North Palm Avenue, Suite 402
Fresno, CA 93704-2214
Telephone: (559) 435-5250
Facsimile: (559) 435-8776

Attorneys for Defendant
THE BANK OF NEW YORK MELLON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMINENCE INVESTORS, L.L.L.P., an Arkansas Limited Liability Limited Partnership, Individually, and on behalf of all others similarly situated, Plaintiff, and John Does,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, a New York Banking Corporation and Does 1 to 25, Inclusive,<br><br>Defendant. | No.: _____<br><br>[Removal from Superior Court of California, County of Madera, Case No. MCV 058453]<br><br>**DEFENDANT BANK OF NEW YORK MELLON'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[CAFA JURISDICTION]**<br><br>Compl. Filed:    November 23, 2011<br>Amd. Compl.:   November 13, 2013<br>Trial Date:        None set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant The Bank of New York Mellon ("BNYM" or "Defendant"), as Indenture Trustee, hereby removes this case from the Superior Court of the State of California in and for the County of Madera, on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"). In support of this Notice of Removal, Defendant states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On or about November 23, 2011 Plaintiff Eminence Investors, L.L.L.P. ("Plaintiff") filed a Complaint against BNYM, Paul Frederick, and Mark Bragg in the Superior Court of the State of California in and for the County of Madera, case number MCV 058453. The complaint stated no class action claims. Defendants Paul Frederick and Mark Bragg were dismissed from the law suit on February 12, 2012 and August 23, 2012 respectively.

2. On or about October 30, 2013, Plaintiff filed a Notice of Motion and Motion for Leave to File a First Amended Complaint. The parties entered into a Stipulation for Leave to File First Amended Complaint (the "Stipulation"), which was filed on November 13, 2013. By the terms of the Stipulation and the court's order thereon, the court's order approving the Stipulation shall be deemed the filing of the First Amended Complaint. And the service of the notice of entry of the order by Plaintiff on Defendant shall be deemed to be service of the First Amended Complaint.

3. Pursuant to the stipulation of Plaintiff and BNYM, the court granted leave to file the First Amended Complaint on November 13, 2013. Accordingly, that date shall be deemed the date of filing of the First Amended Complaint. Plaintiff has not yet served a copy of the notice of entry of the order on Defendant. Accordingly, service of the First Amended Complaint has not yet been effected.

4. In its First Amended Complaint, Plaintiff alleges that BNYM breached fiduciary duties allegedly owed to Plaintiff as a holder of Revenue Bonds, 1996 Series A, from the Jensen Ranch Public Financing Authority Ranch Project. The First Amended Complaint asserts five causes of action against BNYM: (1-3) three separate causes of action for breach of fiduciary duty; (4) gross

negligence; and (5) injunctive relief. The alleged breaches of fiduciary duty are all rooted in California common law and are not alleged to result from a breach of any specific term of the bonds or the indenture agreement.

5. Plaintiff's First Amended Complaint asserts, for the first time, class action claims against Defendant. Specifically, Plaintiff seeks to bring the lawsuit on behalf of itself and on behalf of a putative class of similarly situated holders of Revenue Bonds, 1996 Series A, from the Jensen Ranch Public Financing Authority Ranch Project.

## THE CAFA STATUTORY REQUIREMENTS ARE MET

6. This Court has original jurisdiction over this action under CAFA. As set forth in more detail below, this action is removable because: (1) there is the requisite diversity of citizenship in that at least one putative class member is a citizen of a state different than at least one defendant; (2) the aggregate amount in controversy as to the claims of all putative class members exceeds $5 million; and (3) there are at least 100 members of the proposed class.

### A. The Diversity of Citizenship Requirement Is Met

7. The requisite minimal diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7).

8. <u>Citizenship of Defendant.</u> BNYM is a New York State chartered bank with its principal place of business in New York. Declaration of Gary S. Bush in Support of Removal, ¶ 2. It is therefore a citizen of the State of New York. BNYM is a wholly owned subsidiary of The Bank of New York Mellon Corporation, a Delaware Corporation, which is a publicly held company, which also has its principal place of business in New York. *Id.*

9. <u>Citizenship of Plaintiff.</u> Plaintiff is an Arkansas limited liability limited partnership with its principal place of business in Little Rock, Arkansas. Amended Compl. ¶ 6. Thus, for purposes of establishing minimal diversity under CAFA, Plaintiff is a citizen of Arkansas. *See* 28 U.S.C. 1332(d)(10).

10. Based on the foregoing, at least one putative class member (including Plaintiff) is a citizen of a state (Arkansas) different than the state of at least one defendant (BNYM). Thus, CAFA's minimal diversity of citizenship requirement is met.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**B.     The Amount in Controversy Requirement Is Met**

11.    Plaintiff's First Amended Complaint seeks a total of $40 million dollars in damages. Amended Compl. (Prayer for Relief). Accordingly, the amount in controversy exceeds $5 million, and the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(d)(2).

**C.     The Proposed Class Consists of At Least 100 Members**

12.    Plaintiff affirmatively alleges that the proposed class consists of "over one-hundred individuals." Amended Compl. ¶ 1.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

13.    <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action is pending – the Superior Court of the State of California in and for the County of Madera. *See* 28 U.S.C. § 1446(a).

14.    <u>Removal is Timely</u>. BNYM is entitled to remove this action within 30 days of receipt of service of the First Amended Complaint. 28 U.S.C. § 1446(b). The First Amended Complaint provides a basis for removal under CAFA for the first time and changes the basic character of the litigation (*e.g.*, by rendering it a class action) so as to make it substantially a new suit. *See Johnson v. Heublein Inc.*, 227 F.3d 236, 241-243 (5th Cir. 2000); *MG Bldg. Materials, Ltd. v. Paychex, Inc.*, 841 F. Supp. 2d 740, 744 (W.D.N.Y. 2012). Plaintiff has not yet effected service of the Complaint. Accordingly, this Notice of Removal is timely. Alternatively, this Notice of Removal is timely because fewer than thirty days have passed since the state court granted Plaintiff's leave to file the First Amended Complaint on November 13, 2013. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214, 1218 (W.D. Ky. 1996) (holding that time for removal began to run when state court granted motion to file cross-claim asserting federal claim).

15.    <u>Pleadings and Process</u>. Attached hereto as Exhibit A is a copy of all process, pleadings, and orders served on BNYM in this action. *See* 28 U.S.C. § 1446(a).

16.    <u>Notice</u>. Attached hereto as Exhibit B is a copy of a Notice of Removal which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California in and for the County of Madera. *See* 28 U.S.C. § 1446(d).

17.     Consent to Removal.  Consent of all defendants is not required for removal under CAFA. *See* 28 U.S.C. § 1453(b). Nevertheless, all defendants hereby consent to removal.

### BNYM RESERVES ALL RIGHTS AND DEFENSES

18.     By filing this Notice of Removal, Defendant preserves all rights and defenses. In particular, but without limitation, Defendant disputes that the claims of Plaintiff or any putative class member have merit; denies that Plaintiff or the putative class is entitled to the relief requested in the First Amended Complaint or any relief; and denies that certification of the alleged putative class or any putative class is proper.

19.     Defendant also reserves the right to present additional evidence in support of removal in the event of a motion to remand by Plaintiff.

WHEREFORE, this action should proceed in the United States District Court for the Eastern District of California, as an action properly removed thereto.

DATED: December 10, 2013                REED SMITH LLP

                                        By___/s/ Bruce A. Owdom_____
                                            Bruce A. Owdom
                                            Donald H. Glasrud
                                            Attorneys for Defendant
                                            The Bank of New York Mellon