UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMINENCE INVESTORS, L.L.L.P.,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF NEW YORK MELLON,<br><br>  Defendant. | Case No.  1:13-cv-02025-AWI-MJS<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO REMAND**<br><br>**(ECF Nos. 25, 58)** |

**I.    PROCEDURAL HISTORY**

In this action Eminence Investors, L.L.L.P. and John Does ("Plaintiffs") seek to recover for Defendant Bank of New York Mellon's alleged breaches of duties it owed as the Indenture Trustee of bonds issued to fund the development of real property.

On November 23, 2011, Plaintiff Eminence initiated this action against Defendant and two California residents in Madera County Superior Court. On February 12, 2012, and August 23, 2013, respectively, the two California defendants were dismissed, resulting in complete diversity between the remaining parties. Defendant did not remove the case to Federal Court at that time.

On November 13, 2013, Plaintiff filed a First Amended Complaint, adding class allegations on behalf of more than 100 individuals each holding bonds having at least

$5000 in face value.

On December 10, 2013, within thirty days of the filing of the First Amended Complaint, Defendant removed the action to this Court alleging federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453. (ECF No. 1.) On January 9, 2014, Plaintiffs filed this motion to remand back to the state Superior Court. (ECF No. 25.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On June 6, 2014, the Magistrate Judge issued Findings and Recommendations to grant Plaintiffs' motion to remand. (ECF No. 58.) Defendant filed objections to the Findings and Recommendations (ECF No. 60), Plaintiffs filed a response (ECF No. 62), and, with leave of the Court (ECF No. 64), Defendant filed a reply (ECF No. 65). The parties also submitted unsolicited letter briefs addressing the Eighth Circuit Court of Appeals' decision in Reece v. Bank of New York Mellon, Nos. 12-3526 and 13-1245, 2014 WL 3714782 (8th Cir. July 23, 2014).

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Accordingly, the Court adopts the Findings and Recommendations (ECF No. 58) in full. However, in light of Defendant's objection that the Magistrate Judge conflated two distinct arguments, and did not fully and separately address its argument that CAFA presents a "new" basis for removal that restarts the thirty day removal window, that argument is addressed below.[1]

## II. ANALYSIS

"After a defendant learns that an action is removable, he has thirty days to remove the case to federal court." Durham v. Lockheed Martin Corp., 445 F.3d 1247,

---

[1] The Court adopts the Magistrate Judge's analysis of the "revival" doctrine, and therefore does not separately address Defendant's objections on that point.

1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)). The thirty day time period for removal starts to run from defendant's receipt of the initial pleading if that pleading "affirmatively reveals on its face" the facts necessary for federal court jurisdiction. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 690-91 (9th Cir. 2005) (citations omitted); see 28 U.S.C. § 1446(b)(1). Otherwise, the removal period begins to run when defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Failure to remove timely waives the right to remove. Cantrell v. Great Republic, Inc., 873 F.2d 1249, 1256 (9th Cir. 1989).

The removal period begins to run once the defendant receives enough facts to remove on any basis; later disclosure that the case also is removable on another ground generally does not restart the thirty-day clock. Durham, 445 F.3d at 1253; see 28 U.S.C. § 1446. This is particularly true of cases removable on diversity or federal question grounds pursuant to 28 U.S.C. § 1441. Durham, 445 F.3d at 1253. However, Defendant argues that this general rule does not apply to CAFA cases, which are removable pursuant to 28 U.S.C. § 1453. Defendant argues that CAFA is a "special removal statute" that restarts the thirty-day clock.

Defendant's argument is premised on the Ninth Circuit's decision in Durham, which recognized that allegations of federal officer jurisdiction under 28 U.S.C. § 1442 restart the removal clock. In that case, the action originally was removable on federal question grounds, but the defendant did not remove within thirty days of being served with the complaint. Durham, 445 F.3d at 1249. Later, plaintiff's responses to interrogatories revealed that the conduct at issue occurred while the defendant was acting as an agent to a federal officer, and the defendant sought removal on federal officer grounds. Id.

The Ninth Circuit noted that 28 U.S.C. § 1446 requires removal within thirty days of the defendant receiving a pleading or other paper from which it can be ascertained that the case is removable. However, the court opined that the term "removable" is

3

susceptible to two plausible constructions within the context of federal officer jurisdiction:

> First, we could interpret "removable" as binary—either there's some basis for removal, or there's not. Under this reading of the statute, the case was "removable" when [defendants] received the complaint because the defendants—had they unanimously agreed to it—could have removed the case on federal enclave grounds. The second way to interpret "removable" is to look to each ground for removal separately. Under this reading, a case does not become removable until the particular basis on which removal is sought becomes apparent from the record.

Id. at 1252.

The Court adopted the second interpretation of "removable" with respect to federal officer jurisdiction, in light of the "clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, [courts] are to interpret section 1442 broadly in favor of removal." Id. The Court noted that "removal rights under section 1442 are much broader than those under section 1441," under which any doubt as to the right of removal is to be resolved in favor of remanding to state court. Id.

Defendant argues that the Durham court's interpretation of "removable" should be extended to CAFA class actions because CAFA removal, like federal officer removal, evidences Congress's intent to broaden district court jurisdiction. CAFA does broaden federal jurisdiction, most notably through provisions that aggregate claims among class members and eliminate the requirements for complete diversity, removal within one year, and consent to removal by all defendants. See 28 U.S.C. § 1453(b). However, the Ninth Circuit has declined to broaden CAFA jurisdiction beyond the plain language of the statute: "Congress carefully inserted into the legislation the changes it intended and did not mean otherwise to alter the jurisdictional terrain." Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam); see Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1018 (9th Cir. 2007).

Aside from the limited exceptions noted above, CAFA removal is otherwise

subject to the requirements of section 1446, including the thirty-day removal window.[2] See 28 U.S.C. § 1453(b); see also Wash. State v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011) ("[T]he general principles of removal jurisdiction apply in CAFA cases. The right of removal is statutory, and the requirements strictly construed.") In light of the Ninth Circuit's holding that CAFA expands federal jurisdiction only to the extent set forth in the statute, CAFA cannot be read to provide a renewed thirty-day removal window following an amendment that alleges a class action. See Ramos-Arrizon v. JP Morgan Chase Bank, N.A., No. 12CV609 JLS (WMC), 2012 WL 3762455, *4-5 (S.D. Cal. Aug. 28, 2012) (citing Abrego and rejecting the argument that CAFA can be read "to allow for timely removal within thirty days of the date the action is first removable under CAFA, rather than first removable generally").

Accordingly, Defendant's removal of this action was untimely.

### III. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court adopts the Findings and Recommendations (ECF No. 58) filed on June 6, 2014, in full;
2. Plaintiff's motion to remand (ECF No. 25), filed on January 9, 2014, is GRANTED;
3. This case is REMANDED to state court;
4. Plaintiff's request for an award of fees and costs in this case is DENIED; and
5. The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 25, 2014                    _____
                                                SENIOR DISTRICT JUDGE

---

[2] In contrast, the federal officer removal statute does not directly reference section 1446. See 28 U.S.C. § 1442.